UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MICHELLE FREUDENBERG, as Administratrix of the Estate of ERIC FREUDENBERG,**

           *Plaintiff*,

-*vs*-

**COUNTY OF ORANGE, H.I.G. CAPITAL, LLC, WELLPATH, LLC (formerly known as CORRECT CARE SOLUTIONS MEDICAL SERVICES PC), WELLPATH NY, LLC, ORANGE COUNTY SHERIFF CARL E. DUBOIS in his official capacity, ORANGE COUNTY DEPUTY JOHN DOE 1 in their official and individual capacities, SALWA KHOURI, M.D. in her official and individual capacities, MANDI ZACCAGNINO, N.P. in her official and individual capacities, JOHN DOE 2-10, in their official and individual capacities,**

           *Defendants.*

**ATTORNEY DECLARATION**

Civil No.:  7:23-cv-00847-KMK

**PAUL A. SANDERS, ESQ.** declares the following under penalty of perjury:

1.    I am an attorney duly licensed to practice law before the courts of the State of New York and this Court.  I am partner with the law firm of Barclay Damon LLP, attorneys for Defendants County of Orange ("Orange County"), Wellpath, LLC (f//k/a Correct Care Solutions Medical Services PC) and Wellpath NY, LLC (collectively, "Wellpath"), Orange County Sheriff Carl E. Dubois, Salwa Khouri, M.D. and Mandi Zaccagnino, N.P. (collectively, "Defendants").

2.    This Declaration is respectfully submitted in support of Defendants motion to dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice, for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

3.    Plaintiff commenced this action in New York State Supreme Court by filing a Summons and Complaint in the Orange County Clerk's Office on October 1, 2022.  *See* CM/ECF

27348314.1

Document ("Dkt.") No. 1.

4. On February 1, 2023, Defendants removed the matter to the United States District Court for the Southern District of New York. *See id.*

5. On March 2, 2023, Plaintiff then filed a First Amended Complaint. *See* Dkt. No. 6.

6. On April 28, 2023, Plaintiff then filed the Second Amended Complaint. *See* Dkt. No. 15.

7. Following a pre-motion conference and a stipulated extension, this Court ordered that Defendants may move to dismiss the Second Amended Complaint no later than December 4, 2023. *See* Dkt. Nos. 43 and 57.

8. The Second Amended Complaint appears to assert the following federal claims:

- 42 U.S.C. § 1983 claims against Dr. Khouri, and NP Zaccagino (collectively, the "Individual Medical Defendants") for deliberate indifference. *See* Second Amended Complaint, ¶¶ 154-165 (First Claim);

- 42 U.S.C. § 1983 supervisory liability against Wellpath and Orange County (collectively, the "Institutional Defendants") *See id.* at ¶¶ 166-168 (Second Claim);

- 42 U.S.C. § 1983 *Monell* claims against Wellpath, Orange County, Sheriff Duboi, and Dr. Khouri. *See id.* at ¶¶ 169-176 (Third Claim);

- Americans with Civil Disabilities Act claim against Wellpath and Orange County. *See id.* at ¶¶177-189 (Fourth Claim); and

- Rehabilitation Act claims against Wellpath and Orange County. *See id.* at ¶¶ 190-195 (Fifth Claim)

The Second Amended Complaint also asserts the following New York state law claims:

2

27348314.1

- Wrongful death claims against unspecified defendants. *See id.* at ¶¶ 196-199 (Sixth Claim); and

- *Respondeat superior* against the Wellpath, Orange County, Sheriff Dubois, and Dr. Khouri. *See id.* at ¶¶ 200-204.  (Seventh Claim).

9. As explained in the accompanying Memorandum of Law, Plaintiff fails to state a 42 U.S.C. §1983 claim for deliberate indifference against the Individual Medical Defendants because the facts alleged if accepted as true do not established the deprivation of Plaintiff's constitutional or statutory rights. *See* Defendants' Memorandum of Law.

10. Plaintiff also fails to state a 42 U.S.C. § 1983 *Monell* claim against the Institutional Defendants because even if Plaintiff's allegations rise to the level of a constitutional or statutory violation, he fails to state facts establishing the existence of a policy or custom responsible for causing such constitutional or statutory violation, as required under *Monell*.  *See* Defendant's Memorandum of Law.  Plaintiff merely alleges Decedent's own experience and unsubstantiated allegations contained in lawsuits and news reports which are not directly related to Decedent's care in the OCCF and did not result in findings or admissions of liability. *See id.*

11. Meanwhile, Plaintiff's  42 U.S.C**. §** 1983 *Monell* claim against the Individual Medical Defendants and Sheriff Dubois must be dismissed because *Monell* municipal liability does not extend to individuals, including the Sheriff.  *See id.*

12. Plaintiff's 42 U.S.C. § 1983 supervisory liability claim must also be dismissed because it is duplicative of Plaintiff's *Monell* claim, which as set forth above, fails.  *See id.*

13. Plaintiff fails to state Americans with Disabilities Act and Rehabilitation Act claims against any of the Defendants.  Neither Wellpath, the Individual Medical Defendants, nor Sheriff Dubois are a "public entity" subject to liability under either statute.  *See* Defendant's Memorandum

of Law. Moreover, these claims fail against all Defendants, including Orange County, because Plaintiff does not allege facts demonstrating disparate treatment as a result of his disability, but instead, merely challenges the adequacy of the medical treatment Decedent was provided. *See id.*

14. Plaintiff also fails to a state a New York wrongful death claim because Plaintiff does not allege that Decedent's distributees actually suffered pecuniary loss by reason of Decedent's death. *See id.*

15. Finally, no separate cause of action for *respondeat superior* exists under federal or state law. *See id.*

16. Accordingly, Plaintiff fails to state any cause of action against Defendants upon which relief may be granted.

**WHEREFORE,** Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's Complaint in its entirety, and for such other and further relief the Court shall deem just and proper.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**DATED:**   December 4, 2023                                                          *s/ Paul A. Sanders*
                                                                                                        Paul A. Sanders, Esq.